The document below is hereby signed.

Signed: September 14, 2016



*S. Martin Teel Jr.*

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                              )
                                   )
SHELTON FEDERAL GROUP, LLC,        )   Case No. 15-00623
                                   )   (Chapter 11)
              Debtor.              )   Not for publication in
                                   )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION RE AWARD OF FEES

A prior order (Dkt. No. 86)[1] directed that Industrial Bank was entitled to recover its fees in pursuing the motion (Dkt. No. 52) that led to that order.  The debtor has filed an objection to Joseph Pulver's affidavit of fees filed by Industrial Bank.  The debtor objects that:

> 1.  The Court entered an Order awarding the creditor Industrial Bank fees related to the filing of the Motion to Compel.
> 2.  The Court Order was specific and did not propose additional relief as identified in the proposed order submitted by Joseph Pulver.

The proposed order directs that it is "ORDERED, that within ten

---

[1] The order is titled *Order Granting Industrial Banks Motion (I) To Compel Compliance With Rule 2004 Examination Order Entered Against Shelton Federal Group, LLC, (II) Designating Christopher Shelton as a Person in Control of Shelton Federal Group, LLC, and (III) for Imposition Of Sanctions Against Shelton Federal Group, LLC, Rosewitha Shelton and Christopher Shelton.*

(10) days of the date of this Order, the Debtor, Rosewitha Shelton and Christopher Shelton shall deliver payment in full of the Award to Industrial Bank, in readily available funds." I agree with the debtor that this provision ought not be included in the order. The provision improperly suggests that a failure to pay will be enforceable by way of a contempt motion. *See Sanghvi v. Ali (In re Ali)*, Adv. Pro. No. 10-10012, 2011 WL 1655578 (Bankr. D.D.C. Apr. 29, 2011). Instead, the order will be treated as a monetary judgment that is enforceable through execution and other remedies. The order will be effective upon entry, bearing interest from the date of entry, but the court will stay its enforcement for 14 days (as would be the case under Rule 7062 if it were a judgment in an adversary proceeding).[2]

The order awarding fees in Misc. No. 16-20002 will be treated the same way. The clerk shall docket a copy of this *Memorandum Decision* in Misc. No. 16-20002.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders; Christopher Shelton, 913 6th Street, SW, Washington, DC 20024.

---

[2] The affidavit covers not only the $12,847.56 in fees incurred in pursuing the motion (Dkt. No. 52) in this case but also the $12,631.44 in fees incurred in pursuing a motion to compel in Misc. Proceeding No. 16-20002. The proposed order in this case, however, is limited to the $12,847.56 incurred in this case. Accordingly, at least as to the amount to be awarded, the proposed order does *not* "propose additional relief" beyond what was authorized by the court's *Order* (Dkt. No. 86).