The document below is hereby signed.

Signed: August 29, 2017



_S. Martin Teel Jr._

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SHELTON FEDERAL GROUP, LLC, | ) | Case No. 15-00623 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER RE
MOTION FOR AN EXTENSION OF TIME FOR THE
SMITHSONIAN TO RESPOND TO THE TRUSTEE'S SUBPOENA, OR
ALTERNATIVELY, FOR RECONSIDERATION OF THE COURT'S DECISION

The Smithsonian Institution ("the Smithsonian") filed a motion (Dkt. No. 170) on August 9, 2017, in which it seeks to extend to September 18, 2017, the time to comply with the subpoena issued by the chapter 7 trustee to the Smithsonian that was the subject of the Smithsonian's motion to quash. In the alternative, the motion seeks reconsideration of the court's _Memorandum Decision and Order re Motion to Quash Subpoena (Dkt. No. 148)_ issued on July 26, 2017 (Dkt. No. 166). Reconsideration is governed by Fed. R. Civ. P. 59 and Fed. R. Bankr. P. 9023 because the motion was filed within 14 days after entry of the court's ruling on July 26, 2017.

I

The parties were in negotiations regarding the motion to quash the subpoena and consented to extending to June 9, 2017, the deadline for the filing of the Smithsonian's reply to the trustee's opposition to the motion to quash.  That deadline passed without an agreed resolution being reached, and the court proceeded to deny, in large part, the motion to quash.  The Smithsonian now contends that as of June 19, 2017, the trustee and the Smithsonian agreed to limits on the scope of the subpoena, and to delaying production to September 18, 2017. However, no written agreement was ever reached, and the trustee represents that no agreement was reached.  In any event, any such negotiations are not new evidence warranting granting reconsideration of the ruling of July 26, 2017, entered more than a month after the Smithsonian says the parties reached an agreement regarding revising the scope of the subpoena.

II

The Smithsonian additionally notes that it has a legal obligation to protect trade secrets and private commercial information, and that the Smithsonian must seek Clark Construction's review of many of the documents it will disclose to the trustee.  In addition, the Smithsonian notes, "given the genuine prospect of future procurement activity involving Clark Construction, and the Debtor or individuals currently employed by

both entities, the Smithsonian believes it would be prudent to negotiate a protective order to safeguard any future procurement process from disclosures necessarily made in response to the subpoena." Mtn. at 1-2.[1]

### A. The Trade Secrets Argument

As to the argument regarding trade secrets, the court noted in its *Memorandum Decision and Order re Motion to Quash Subpoena* (Dkt. No. 166) at 9-10 that "[t]he Smithsonian can produce documents that do not contain trade secrets, and where possible, can redact trade secret information. Where redaction in a document is impractical, the Smithsonian can assert the document as privileged in a privilege log." The Smithsonian has had an abundant amount of time to gather documents and determine which ones should be withheld, with a privilege log to be filed in regard to such privileged documents. No further delay is warranted.

---

[1] The Smithsonian elaborates:

> The Smithsonian as well foresees potential challenges that competing bidders to Clark or Shelton could mount in a future procurement by the Smithsonian, challenges stemming from Clark's or Shelton's access to these documents. The Smithsonian, to the extent possible, seeks to avoid this prospect as well. An extension of time will permit time to work out a protective arrangement addressing this circumstance.

Mtn. at 2.

B. The Argument Regarding a Protective Order

As to the argument that the parties should negotiate a protective order regarding protecting future procurement processes, that is up to the parties. It is not a basis for extending the compliance deadline or for granting reconsideration.

III

Any further substantial delay in producing non-privileged documents is unwarranted. The Smithsonian will need time to react to this order, and will need a short period of time to produce non-privileged documents and a privilege log after receiving this ruling.

IV

In accordance with the foregoing, it is

ORDERED that the *Motion for an Extension of Time for the Smithsonian to Respond to the Trustee's Subpoena, or Alternatively, for Reconsideration of the Court's Decision* (Dkt. No. 170) is DENIED except that the Smithsonian is granted until seven days after entry of this order to comply with the subpoena (subject, however, to any extension of time to which the trustee agrees in writing).

[Signed and dated above.]

Copies to: Recipients of e-notification of filings.